IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 05-00217-PHX-DGC |
| Plaintiff-Respondent | CV 08-1569-PHX-DGC (ECV) |
| vs. | **REPORT AND RECOMMENDATION** |
| Osvaldo Pozo-Parra, | |
| Defendant-Movant. | |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Osvaldo Pozo-Parra ("Movant"), has filed a *pro se* Motion to Modify and Correct Sentence pursuant to 28 U.S.C. § 2255. Doc. #1.[1] On February 5, 2007, Movant pleaded guilty to Count One of the Indictment, conspiracy to possess with the intent to distribute more than 50 grams of methamphetamine, a class B felony in violation of 21 U.S.C. § 846, § 841(a)(1), (b)(1)(B)(viii). Doc. #92 in CR 05-217. On August 27, 2007, Movant was sentenced to the custody of the Bureau of Prisons for 70 months followed by supervised release for four years. Id. Movant filed his motion to vacate on August 25, 2008. Doc. #1. The District Court screened the motion in an order filed on September 4, 2008, and ordered

---

[1] Unless otherwise indicated, the referenced docket numbers are from the civil case docket, CV 08-1569.

the motion to be served upon Respondent. Doc. #4. On March 12, 2009, Movant filed an Amendment in which he asserts two claims in addition to those alleged in his original motion. Doc. #14.

Movant alleges four grounds for relief in his original motion. Doc. #1. First, Movant alleges that his counsel misrepresented that Movant would receive a sentence of 36 months. Second, Movant alleges that his attorney "deserted" his case, requiring Movant to hire a new attorney. Third, Movant alleges that his attorney enticed him to sign the plea agreement without explaining that he could get a longer sentence than what was promised, and that his lawyer failed to advise him of a possible obstruction of justice enhancement. Fourth, Movant alleges that his attorney wrongly told him that he waived his right to appeal despite a clause in the plea agreement stating his sentence would not exceed 57 months.

In the amendment to his motion to vacate, Movant alleges in ground five that did his lawyer not discuss with him the concept of ineffective assistance of counsel or the right to bring such a claim under section 2255. Doc. #14. In ground six, Movant alleges that his lawyer misadvised him regarding his eligibility for safety valve relief. Movant contends that he was misled to believe he qualified for safety valve relief and would receive a sentence of no more than 57 months.

On April 1, 2009, Respondent filed a Response to Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Doc. #15. Movant has not filed a reply.

## DISCUSSION

The government contends that of the six grounds for relief, only one, ground four, is not covered by the waiver of collateral review contained in the plea agreement. They argue, however, that ground four should be denied on the merits. The government further contends that the remaining five grounds for relief are foreclosed by the waiver and should be denied on that basis.

**A. Ground Four**

1   Movant alleges in ground four that his lawyer misadvised him about his right to
2   appeal. Doc. #1 at 8. He states that his lawyer told him that by signing the plea agreement
3   he was giving up his right to appeal. Movant asserts that his lawyer also told him there was
4   a clause in the agreement that prevented his sentence from exceeding 57 months. Movant
5   contends that he did not appeal his 70-month sentence because of his lawyer's advice
6   regarding the waiver of appeal. Although Movant does not expressly assert ineffective
7   assistance of counsel or the Sixth Amendment as the basis for this claim, the government,
8   like this court, interprets it as an ineffective assistance claim and analyzes it as such.

9   The two-prong test for establishing ineffective assistance of counsel was set forth by
10  the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an
11  ineffective assistance claim, a convicted defendant must show (1) that counsel's
12  representation fell below an objective standard of reasonableness, and (2) that there is a
13  reasonable probability that, but for counsel's unprofessional errors, the result of the
14  proceeding would have been different. Strickland, 466 U.S. at 687-88. There is a strong
15  presumption that counsel's conduct falls within the wide range of reasonable assistance.
16  Strickland, 466 U.S. at 689-90. The Strickland test also applies to challenges to guilty pleas
17  based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A
18  defendant who pleads guilty based on the advice of counsel may attack the voluntary and
19  intelligent character of the guilty plea by showing that the advice he received from counsel
20  fell below the level of competence demanded of attorneys in criminal cases. Id. at 56.

21  Here, the government concedes that "[t]his claim is colorable because, as discussed
22  above, Pozo-Parra's plea agreement provided that his sentence was not to exceed 57 months
23  if he was eligible for safety-valve relief." Doc. #15 at 6. The government further concedes
24  that "[o]nce the Court found Pozo-Parra eligible for safety-valve relief, the sentence imposed
25  could not exceed 57 months without giving Pozo-Parra an opportunity to withdraw from his
26  plea." As the government further concedes, Movant was not provided the opportunity to
27  withdraw from his plea and "the sentence imposed was inconsistent with the plea
28

agreement." Movant's counsel at sentencing did not object to the sentence nor did he file a direct appeal on Movant's behalf. Doc. #15, Exh. B.[2]

During the change of plea proceeding, the District Court went through the plea agreement with Movant. Doc. #15, Exh. A. Movant answered "yes" when the Court asked him if he understood that if he qualified for the safety valve, the parties agreed the sentence would be no greater than 57 months. Doc. #15, Exh. A at 15-16. That provision of the plea agreement is contained in paragraph 2(d). Doc. #79 in CR 05-217. Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure is cited in that paragraph, which provides that an agreement by the parties to a specific sentence binds the court once the court accepts the plea agreement. Id.

The Court also covered the waiver of appeal rights. Doc. #15, Exh. A at 12-13. The Court explained that if it accepted the plea agreement and the sentence was consistent with the agreement, Movant would not be able seek relief from another court to get his sentence changed. Id. At the end of the change of plea proceeding, the Court found that the guilty plea was knowingly, voluntarily and intelligently made. Doc. #15, Exh. A at 20. The Court accepted the guilty plea but deferred acceptance of the plea agreement until the sentencing. Id.

At the sentencing hearing on August 27, 2007, the District Court again referred to the provision in the plea agreement whereby "the parties stipulate that the U.S. would recommend a safety valve reduction if the defendant was eligible, and would stipulate to a 57-month sentence if the defendant was eligible." Doc. #15, Exh. B at 3. The Court further

---

[2] It's important to note that Movant's claim in ground four specifically alleges that his first lawyer, Magnus Eriksson, misadvised him about his right to appeal. Movant does not mention his second lawyer, Jose Montano, who represented him at the sentencing. Mr. Eriksson left the law firm of Phillips and Associates before Movant's sentencing and Mr. Montano of that firm took over. Doc. #14, Exh. C. The court interprets Movant's claim in ground four broadly to include not only the alleged inaccurate advice about the right to appeal but also the failure to object to or appeal the sentence. Likewise, the government's analysis reflects this broad interpretation of the claim.

noted that it accepted the guilty plea, but the Court did not expressly accept the plea agreement. Id. The Court ruled during the sentencing hearing that Movant was eligible for safety valve treatment. Doc. #15, Exh. B at 15-16. However, because the Court also applied a two-level upward adjustment for obstruction of justice[3] among other adjustments, it determined that the appropriate sentencing range was 70 to 87 months. Doc. #15, Exh. B at 15-16. When asked by the Court, Movant's counsel agreed that this was the relevant range. Doc. #15, Exh. B at 16. The Court subsequently sentenced Movant to 70 months in prison. Doc. #15, Exh. B at 17. At the end of the sentencing hearing, the Court informed Movant that because the sentence "is consistent with the plea agreement, you've waived your right to appeal." Doc. #15, Exh. B at 19. The Court explained, however, that Movant's lawyer could explain how to file an appeal if Movant wanted to pursue it. Id. Despite the provision in the plea agreement that capped the sentence at 57 months upon application of the safety valve, Movant's counsel did not object to the sentence, nor did counsel subsequently appeal the sentence.

The government argues that counsel's failure to object to or appeal the sentence did not constitute ineffective assistance of counsel even though it concedes the sentence was not consistent with the plea agreement. The government contends that if counsel had raised an objection or appealed the sentence, the result would likely have been a much harsher sentence that was consistent with the plea agreement. Specifically, the government contends that the District Court did not have the authority to adjust Movant's criminal history points in determining his eligibility for safety valve relief. The government claims this was an error. It contends that had counsel objected to or appealed the sentence, the Court would have determined that Movant was not eligible for safety valve relief, thus nullifying the provisions in the plea agreement that applied only if he was eligible for such relief. The

---

[3] This adjustment was based on the Court's finding that while under indictment, Movant left the country once and maybe twice without permission and remained out of the country for 11 months, obstructing prosecution of the case for that time. Doc. #15, Exh. B at 14-15.

- 5 -

1 government suggests that upon making that determination, the Court likely would have
2 imposed a sentence within the range of 97-121 months, as recommended in the presentence
3 report. The government therefore argues that counsel's failure to object or appeal helped
4 Movant and caused no prejudice.

5 This court disagrees. In United States v. Booker, 543 U.S. 220 (2005), the Supreme
6 Court held that the Federal Sentencing Guidelines are merely advisory, not mandatory, and
7 that courts of appeal should review sentences for "reasonableness." It's not at all clear that
8 the District Court would have imposed a harsher sentence against Movant if his counsel had
9 objected to or appealed the sentence. It certainly was not required to do so as the government
10 suggests. Had Movant's counsel objected to the sentence because it failed to account for the
11 57-month cap or advised Movant to appeal on that basis, the result may well have been a
12 reduction of the sentence to be consistent with the cap. The court therefore finds that the
13 performance of Movant's sentencing counsel was deficient in that he failed to object to a
14 sentence that exceeded the applicable cap set forth in the plea agreement. Moreover, he
15 failed to file an appeal or advise Movant of the right to appeal on that basis. The court
16 further finds that Movant has made a sufficient showing of prejudice in that the result of the
17 proceeding would likely have been different. Movant's sentence would likely have been
18 consistent with the terms of the plea agreement had counsel raised the issue.

### B. Remaining Grounds for Relief

20 Because the court will recommend that Movant's motion be granted based on the
21 claim in ground four, the court need not address the remaining grounds for relief. The court
22 notes, however, the inconsistency in the government's contention that the remaining claims
23 are barred by the waiver in the plea agreement. Despite conceding it its argument on ground
24 four that "the sentence was inconsistent with the plea agreement," the government claims that
25 the waiver of collateral review rights is enforceable as to the remaining claims. The waiver
26 provision of the agreement specifically requires that the sentence be consistent with the plea
27 agreement for the waivers to apply. The government's argument that the remaining claims
28 are barred by the waiver is inconsistent with its own concessions.

**IT IS THEREFORE RECOMMENDED:**

That the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #1) be **GRANTED**;

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 2nd day of November, 2009.

_____
Edward C. Voss
United States Magistrate Judge