**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-05-0217-PHX-DGC |
| Plaintiff/Respondent, | No. CV-08-1569-PHX-DGC (ECV) |
| vs. | **ORDER** |
| Osvaldo Pozo-Parra, | |
| Defendant/Movant. | |

Defendant Osvaldo Pozo-Parra pled guilty to a violation of 21 U.S.C. § 846(a)(1). Dkt. #79, CR-05-217. The Court sentenced him to a 70-month prison term. Dkt. ##91, 92. Defendant has filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Dkt. #101, CR-05-217; Dkt. #1, CV-08-1569. United States Magistrate Judge Edward Voss has issued a report and a recommendation that the motion be granted ("R&R"). Dkt. #16, CV-08-1569. The Government has filed an objection. Dkt. #17. For reasons that follow, the Court will accept the R&R and issue an order for Defendant to be resentenced.

**I.    Background.**

On March 15, 2005, the Government indicted Defendant on one count of conspiracy to possess with intent to distribute more than 50 grams of methamphetamine. Dkt. #1, CR-05-217. Defendant, who was a lawful resident alien, was arrested ten days later (Dkt. #2) and released on a $100,000 bond (Dkt. ##12, 13).

Defendant traveled to Mexico with permission of the Court in June of 2005. Dkt. #110 at 5. Defendant left the United States again in September of 2005, this time without the Court's permission, and remained out of the country for approximately one year.

During Defendant's absence, his lawful resident alien status was revoked *in absentia*. In August of 2006, Defendant decided to return to the United States to resolve the pending drug charge. The Government agrees that he returned for this reason. *Id*. at 8, 10. Unfortunately, he was arrested at the border on the pretrial release violation and, because his lawful resident status had been revoked, he was charged with the petty offense of attempted illegal reentry. Defendant pled guilty to the petty offense and received 60 days' incarceration. *See* 11/13/07 Presentence Report, at 1, 3.

After completing his incarceration for the petty offense, Defendant sought to resolve the drug charge. Represented by attorney Magnus Eriksson, he pled guilty to the indictment on February 5, 2007. Dkt. #79. Defendant faced a statutory minimum sentence for the drug charge of 60 months. *See* 21 U.S.C. § 841(b)(1)(B)(viii). The plea agreement stipulated under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that if Defendant qualified for "safety valve" relief from the minimum sentence under 18 U.S.C. § 3553(f), his sentence would not exceed 57 months. Dkt. ##79-1 & 93, ¶ 2(b), (d).

Defendant was sentenced on August 27, 2007. He was represented at the hearing by attorney Jose Montano who had replaced Magnus Eriksson. Dkt. #91; *see* Dkt. #80. The sentencing hearing focused primarily on two issues: whether a two-level enhancement for obstruction of justice should be applied because Defendant absconded from the United States for almost one year, and whether Defendant qualified for safety valve treatment. *See* Dkt. #110. The Court found that Defendant did obstruct justice when he left the United States without authorization and halted his prosecution for nearly one year. *Id.* at 15. The Court also found, however, that because Defendant's petty offense conviction resulted from his attempt to reenter the United States in order to resolve the pending drug charge, the petty offense conviction should not be counted in his criminal history for purposes of the drug charge sentence. *Id.* The Government did not oppose this determination; it expressly took no position on the issue. *Id*. at 12. With the petty offense disregarded and no other prior convictions, Defendant had no criminal history points and the Court concluded he was eligible for safety valve relief. *Id.* at 15-16.

| | |
|---|---|
| 1 | The Court then calculated the guidelines range using a two-level enhancement for obstruction of justice (U.S.S.G. § 3C1.1) and a two-level downward adjustment for safety valve (U.S.S.G. § 2D1.1(b)(9)), arriving at an offense level of 27.[1] Combined with a criminal history category I, this produced a sentencing guideline range of 70 to 87 months, rather than the 97 to 121 months recommended in the presentence report. *Id.* at 14-16. The Court asked defense counsel if he agreed that this was the relevant range, and he said yes. *Id*. at 16. Forgetting the plea agreement's stipulation that Defendant's sentence would be capped at 57 months if Defendant was safety-valve eligible, the Court sentenced Defendant to the low end of the range – 70 months – followed by four years of supervised release. *Id.* at 17; *see* Dkt. #92. Counsel for Defendant and the Government did not object. Dkt. #110 at 14, 16-17. Neither side appealed. |

**II.    Discussion.**

The Court may accept, reject, or modify the findings and recommendations made by the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *Id.*; *see Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Defendant's motion to vacate the sentence, as amended, asserts six grounds for relief based on alleged ineffective assistance of counsel on the part of Mr. Eriksson. Dkt. ##1, 14, CV-08-1569. Specifically, Defendant alleges that counsel (1) misrepresented that he would receive a 36-month sentence, (2) abandoned him, (3) enticed him to sign the plea agreement without advising him of a potential longer sentence and the possibility of an obstruction of justice enhancement, (4) misadvised him that he had waived his right to appeal despite the plea agreement provision capping the sentence at 57 months, (5) failed to discuss with him the concept of ineffective assistance of counsel and the right to bring such a claim under § 2255, and (6) misinformed him that he was eligible for safety valve relief. *Id.*

---

[1] Defendant was sentenced under the guidelines effective November 1, 2006. Those guidelines are cited throughout this order.

To prevail on his claims, Defendant must show that his counsel's representation fell below an objective standard of reasonableness and he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (two-part *Strickland* test applies to ineffective assistance claims arising out of the plea process). Defendant can establish prejudice by showing that there is a "reasonable probability" that the proceedings would have been different but for counsel's deficient performance. *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

The R&R concludes that relief should be granted on ground four. Construing ground four broadly to include the actions of attorney Montano at the sentencing hearing, the R&R finds that Mr. Montano's representation was constitutionally deficient because he failed to object to, or appeal from, a sentence that exceeded the stipulated 57-months in the plea agreement. The R&R concludes that had counsel objected or appealed, the result likely would have been a reduction of the sentence to 57 months. Dkt. #16 at 6. Given this conclusion, the R&R does not address Defendant's other claims. *Id.*

The Government objects to the R&R on the ground that even if counsel erred in failing to object to or appeal the 70-month sentence, prejudice does not exist because there is no reasonable probability that the sentence would have been different. Dkt. #17 at 4. Defendant actually benefitted from counsel's alleged error, the Government asserts, because the grant of safety valve relief was erroneous and that mistake led to an improperly low guideline range. *Id.* at 5.[2] The Government argues that prejudice under *Strickland* is lacking because there is at least an equal likelihood that a harsher sentence would be imposed if Defendant were to be resentenced, and a harsher sentence would be consistent with the plea agreement. *Id.*; *see* Dkt. #15 at 7-8. Although the Court agrees, for reasons explained below, that Defendant was not safety-valve eligible, the equitable factors that prompted the Court's

---

[2] This position is inconsistent with the Government's position at sentencing, where it expressly took no position on whether safety treatment was appropriate. Dkt. #110 at 12. The Court nonetheless is obligated to apply the sentencing guidelines correctly.

original sentence might result in a more favorable result if Defendant is resentenced. The Court therefore cannot accept the Government's argument that no prejudice resulted from counsel's ineffective assistance as alleged in ground four.

### A. The Court's Criminal History Determination.

Guideline section 4A1.3(b) provides that the Court may depart downward in the criminal history determination when "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b)(1). The Court concluded that counting Defendant's petty offense would overstate both the seriousness of his criminal history and the likelihood that he would commit future crimes. Unfortunately, the Court erred by not identifying section 4A1.3(b) as the basis on which it was arriving at a criminal history category of I. The Court further erred when it did not set forth its reasons in writing as required by section 4A1.3(c). Nevertheless, the basis for the Court's criminal history determination was section 4A1.3(c). The Court continues to believe that the downward departure under this section was correct.[3]

### B. Safety Valve Eligibility.

Having concluded that Defendant's petty offense should be disregarded and that he therefore had no criminal history points, the Court concluded that Defendant was eligible for safety valve treatment. *See* 18 U.S.C. § 3553(f)(1) and U.S.S.G. § 5C1.2(a)(1) (safety valve available if defendant has no more than one criminal history point). The Court now realizes, however, that this conclusion was wrong. The guidelines make clear that safety valve treatment is not available if the Defendant's criminal history points of one or zero are arrived at through a downward departure under section 4A1.3(b). *See* U.S.S.G. § 4A1.3(b)(3)(B)

---

[3] The R&R implies, and the Government also suggests, that the Court reduced Defendant's criminal history using the discretion granted by the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). The Court did not rely on *Booker* discretion, nor could it. *Booker* discretion applies only after a proper guidelines calculation has been completed. *See United States v. Cantrell*, 433 F.3d 1269, 1279-80 (9th Cir. 2006). The Court's decision was based on section 4A1.3.

(safety valve relief is not available "if, before the receipt of the downward departure, the defendant had more than one criminal history point"); U.S.S.G. § 5C1.2(a)(1) (safety valve relief applicable only if the defendant has one criminal history point "before application of subsection (b) of 4A1.3"). Thus, although the Court correctly applied the downward departure to arrive at criminal history category I for purposes of the guideline range, that departure did not make Defendant eligible for safety valve treatment. *See United States v. Hernandez-Castro*, 473 F.3d 1004, 1008 (9th Cir. 2007) (courts "have no authority to adjust criminal history points for the purpose of determining eligibility for safety valve relief under 18 U.S.C. § 3553(f)(1), even when the sentencing court concludes that the criminal history calculation overstates the severity of the prior crimes.").[4]

### C. Consequences of Defendant's Failure to Qualify for Safety Valve.

Defendant's ineligibility for safety valve treatment has at least three consequences. First, he was not entitled to the two level downward adjustment under section 2D1.1(b)(9), and his proper offense level was therefore 29, not 27 as determined by the Court at sentencing. With an offense level of 29 and a criminal history category of I, Defendant's proper sentencing range was 87-108 months, not 70-87 months as the Court determined at the sentencing hearing. *See* U.S.S.G. Ch. 5, Pt. A. Second, Defendant did not qualify for the 57-month cap in his plea agreement. Third, Defendant was subject to the statutory mandatory minimum sentence of 60 months.

### D. Prejudice.

Given the fact that nobody at the sentencing hearing caught the Court's error in determining that Defendant was safety-valve eligible, one might argue that the Court would

---

[4] Absent a downward departure under section 4A1.3(b), Defendant had two criminal history points. Defendant's petty immigration offense was committed after the drug offense for which Defendant was being sentenced, but was properly counted in his criminal history. *See* § 4A1.2, Application Note 1. Because Defendant received 60 days for the petty offense, he qualified for two criminal history points. *See* § 4A1.1 (b). Thus, the only route by which Defendant could arrive at no more than one criminal history point was through a downward departure under section 4A1.3(b), and that route does not qualify him for safety valve treatment. *See* §§ 4A1.3(b)(3)(B), 5C1.2(a)(1).

- 6 -

have erroneously imposed a 57-month sentence had Defendant's counsel objected at the hearing. But Defendant's relief for counsel's error would be resentencing, and he cannot contend at resentencing that he is entitled to a legally incorrect sentence.

Nonetheless, the equitable factors that persuaded the Court to depart downward on Defendant's criminal history – that he incurred the petty offense violation only because he chose to do the right thing and return to the United States to resolve the pending drug charge – might persuade the Court at resentencing to exercise its discretion under *Booker* and impose a sentence below the guideline range. The Court could not impose a sentence less than the statutory mandatory minimum 60 months, but the Court could impose a sentence as low as 60 months. The Court does not know if it would do so in light of the correct sentencing range of 87-108 months, but the Court concludes that the errors it committed at the sentencing hearing are sufficient to undermine confidence in the outcome of that hearing. This is sufficient to establish prejudice under *Strickland*. 466 U.S. at 694.

**IT IS ORDERED:**

1. The R&R and its recommendation that relief be granted on ground four (Dkt. #16) is **accepted**.
2. The Court will order that Defendant appear for resentencing in this case. Because Defendant previously was represented by retained counsel, the Court will first scheduled a status conference to determine whether Defendant wishes to retain new counsel before the resentencing.

DATED this 17th day of December, 2009.

_____
David G. Campbell
United States District Judge